UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------x

**ELIZABETH DALY,**

              **Plaintiff,**

              v.

**UNUM LIFE INSURANCE
COMPANY OF AMERICA,**

              **Defendant.**

---------------------------------------------------------x

CIVIL ACTION NO.: 1:06-cv-127-JD

**COMPLAINT**

Plaintiff, Elizabeth Daly, by her undersigned attorney, as and for her Complaint against the defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter, "UNUM"), alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability ("LTD") Insurance benefits. UNUM insures the benefits provided through Plaintiff's employer's LTD Plan. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The LTD Plan contains provisions for administrative or internal appeal of a denial of benefits. Plaintiff has exhausted her remedies under these provisions, has received a final denial of her claim and, therefore, this matter is properly before this court for <u>de novo</u> review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3.	Plaintiff is a resident of Davie, Florida.

4.	Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

5.	With respect to Plaintiff's claim, the Plan was administered in, and the breach occurred within, the District of New Hampshire.

## NATURE OF ACTION

6.	Plaintiff's claim seeks a declaration that Plaintiff is entitled to LTD benefits pursuant to an employee benefit plan providing for long term disability benefits, sponsored and administered by Plaintiff's employer, RMC Research Corporation, and insured by Unum Life Insurance Company of America ("UNUM") under Group Policy No. 532279. As Plaintiff's claim arises under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action. Said benefits were effective at all times relevant hereto.

## THE PARTIES

7.	Plaintiff is a 61 year-old woman who was born in 1944.

8.	RMC Research Corporation Long-Term Disability Plan, is an Employee Benefit Plan as defined by ERISA.

9.	Defendant, UNUM, is a wholly owned subsidiary of UNUMProvident Corporation. UNUM is engaged in the business of insurance, and is licensed and authorized to

2

engage in the business of insurance within the State of New Hampshire.

## STATEMENT OF FACTS

10. Prior to, and including February 28, 2002, Plaintiff was employed by The RMC Research Corporation, as a Support Staff Coordinator.

11. For a period up to and including February 28, 2002, Plaintiff, together with other active full time employees, was covered as a participant under the LTD Plan sponsored, funded, and administered by Plaintiff's employer. The Plan provides for payment of monthly income benefits to participants who become Disabled. The payments are reduced by certain specified other sources of income, including Social Security Disability benefits. Payments under the Plan begin after a claimant has satisfied the 90-day elimination period.

12. The LTD Plan defines "Disability" as follows:

"You are disabled when it is determined that:
1. you are limited from performing the *material and substantial duties* of your *regular occupation* due to your sickness or injury; and

2. you have a 20% or more loss in your *indexed monthly earnings* due to the same injury or sickness.

After 24 months of disability payments, you are disabled when you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

13. The Plan also provides for a maximum LTD benefit period to the participant's age 65 when she becomes disabled prior to reaching age 60.

14. Plaintiff ceased work on February 28, 2002, as a result of multiple physical symptoms she experienced which prevented her from performing each of the material duties of her occupation. Plaintiff has been diagnosed with Fibromyalgia, depression and anxiety.

15. Subsequent to her onset of disability, Plaintiff applied for long term disability benefits under the LTD Plan by submitting a completed claim, including her Attending Physician's Statement, to Defendant, UNUM.

16. From February 28, 2002, through the present, Plaintiff has satisfied the LTD Plan's definition of disability: due to her medical condition, she has been precluded from performing each of the material duties of her occupation.

17. By letter dated October 7, 2002, defendant, UNUM, informed Plaintiff that her claim for LTD benefits was denied. The letter indicated, in part: "UNUM will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer at a specific location" and concluded, "[t]here is lack of documentation to support the diagnosis of fibromyalgia."

18. After Plaintiff received the denial notification, she requested a review of that determination, as provided for by ERISA. In this connection, Plaintiff forwarded a letter dated April 1, 2003, to defendant, UNUM, together with additional medical evidence in support of her claim.

19. By letter dated April 8, 2003, UNUM acknowledged receipt of Plaintiff's request for review of the LTD claim denial under the terms of the LTD Plan and indicated that the file would be forwarded for further review.

20. By letter dated June 20, 2003, UNUM upheld its previous denial with respect to Plaintiff's claim for LTD benefits under the LTD Plan.

21. To date, UNUM has continued to uphold its previous denial of Plaintiff's LTD claim.

## AS AND FOR PLAINTIFF'S CLAIM:
## FOR LONG TERM DISABILITY BENEFITS AS AGAINST
## <u>DEFENDANT, UNUM</u>

22.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 21, *supra*, as if fully set forth at length.

23.     ERISA mandates, in relevant part:

> [E]very employee benefit plan shall–
> \*          \*          \*
> (2)     afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

24.     In administering various employee benefit plans and in processing claims thereunder, UNUM has the responsibility of determining whether claimants are disabled within the definitions of the applicable plans and policies so as to be entitled to benefits.  Crucial to those determinations is an understanding of the claimant's medical conditions and their effects on the claimant's abilities.

25.     Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

26.     Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the LTD Plan, and in accordance with the provisions of ERISA.

27.     The Long Term Disability claim decisions rendered in the instant action have been made by UNUM, who insures the defendant LTD Plan, and as such, cannot render independent or

fair decisions because it has a pecuniary interest in the final determination, and thus acts under a conflict of interest.

28.     Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

29.     Defendant's decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the LTD Plan.

30.     Defendant's decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence submitted during the review stages of Plaintiff's claim.

31.     Plaintiff is disabled within the terms of the LTD Plan maintained for the benefit of the employees of RMC Research Corporation.  Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to her disability from (and including) February 28, 2002, and continuing for the time allowed under the LTD Plan.

**WHEREFORE,** Plaintiff prays for the following relief:

A.  That the Court determine and then declare that under the terms of the LTD Plan, that the Plaintiff's total disability continued from (and included) February 28, 2002, within the term of coverage, and that she was and continues to be disabled within the Plan's provisions.

B.  That after making such a determination, the Court ORDER the Defendants, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said LTD Plan, from February 28, 2002, to the present.

C. That, if necessary, the Court ORDER the matter remanded to the Plan's administrator for such further and additional findings as may be reasonably necessary.

D. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

E. That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:    March 17, 2006

                                                PLAINTIFF
                                                By her attorney,

                                                PHILIP A. PARRY, P.C.

By:    */s/ Thomas C. Tretter*
      Thomas C. Tretter, NH Bar No. 12544
      4 Merrimac Square
      P.O. Box 261
      Merrimac, MA 01860
      (978) 346-0005

*OF COUNSEL*:

STEPHEN L. RAYMOND, ESQ.
3 Washington Square, Ste. 206
Haverhill, MA 01830
(978) 372-6590